UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALTUS GASPARD** | **CASE NO. 2:19-CV-01206** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404" (Rec. 17) wherein Defendants, James Wesley Richey, M.D. ("Dr. Richey") and Alexandria Urology Associates, L.L. P. ("AUA") move to transfer this lawsuit to the Alexandria Divison. For the reasons that follow, the motion will be denied.

This lawsuit is brought under the Federal Tort Claims Act. Plaintiff, Altus Gaspard is seeking to recover money damages allegedly cause by medical malpractice committed by employees of the United States of America, Department of Veterans Affairs, and Dr. Richey and Alexandria Urology Associates, L.L.P.[1]

Dr. Richey and AUA maintain that venue based on Mr. Gaspard's residency is not proper citing 28 U.S.C. § 1391(b).[2] Dr. Richey and AUA argue that the lawsuit should be transferred to the Alexandria Division because it would be more convenient for the parties.

---

[1] First Amended Complaint, Rec. 9.

[2] (**b**) **Venue in general.**—A civil action may be brought in - -
    (**1**) a judicial district in which any defendant resides, if all the defendants are the residents of the State in which the district is located;
    (**2**) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated; or
    (**3**) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Dr. Richey and AUA are both domiciled in Rapides Parish, which sits in the Alexandria Division. Dr. Richey and AUA submit that the alleged acts of medical malpractice occurred in Rapides Parish, thus an intradistrict transfer to the Alexandria Division is proper.

Dr. Richey and AUA submit that pursuant to both 28 U.S.C. § 1402(b) and 28 U.S.C. § 1391(b)(2), the Alexandria Division is proper because Mr. Gaspard's alleged acts, event and omissions arise out of the medical treatment rendered by Dr. Richey and AUA. Dr. Richey and AUA also point out that the alleged acts of malpractice against the United States through the Veteran Affairs ("VA") as well as Dr. Sudha Pillarisetti with the VA also occurred in Rapides Parish at the Alexandria Veteran's Affairs Health Care System located in Pineville, Louisiana.

Dr. Richey and AUA rely on 28 U.S.C. § 1404(a) as authorization for the transfer. The venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under 28 U.S.C. 1404(a), venue may be transferred if the movant shows "good cause," which

> means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of the parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.

*In re Volkswagen of America, Inc.* 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Section 1404 (b) authorizes transfer of a civil action to a different division within the same district "in the discretion of the court" upon motion by a party.

Mr. Gaspard, who opposes the motion to transfer, maintains that the Alexandria Division of the Western District is not "clearly more convenient" than the Lake Charles Division, noting that a majority of the witnesses either reside within or closer to the Lake Charles Division, than to the Alexandria Division. Mr. Gaspard remarks that the Fifth circuit has established a 100-mile threshold with respect to determining if the proposed transferee venue is more convenient than the existing venue. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of America, Inc.,* 545 F.3d at 317.

Mr. Gaspard informs the Court that Dr. Richey and AUA have conceded that their office is located less than 100 miles from the federal courthouse in Lake Charles. Courts have refused to consider transfer where the is only a relatively short distance between the original forum and the proposed transferee forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir. 1994) (citing 15 WRIGHT, MILLER & COOPER § 3854, at 470).

Mr. Gaspard submits that his original primary care physician, Dr. Martha Hoag, treated him at the VA hospital in Jennings, Louisiana; she subsequently referred him to Dr. Richey. The surgery (penectomy) to treat the undiagnosed cancer was performed in Houston, Texas. Mr. Gaspard remarks that Dr. Richey and AUA are the only defendant

parties who complain of traveling to Lake Charles to try this case. Mr. Gaspard submits an affidavit to inform the Court of the witnesses, parties and their location in this matter:

(1) Mr. Gaspard lives in Pitkin, Louisiana (Lake Charles, Division);[3]
(2) Ms. Gaspard, who takes care of Mr. Gaspard, lives in Pitkin (Lake Charles Division);
(3) Dr. Hoag treated Mr. Gaspard at the Jennings VA Clinic (Lake Charles Division);
(4) Dr. Navedo, who allegedly committed malpractice, treated Mr. Gaspard at the Fort Polk VA Clinic in Vernon Parish (Lake Charles Division);
(5) Dr. Mejias-Velazquez treated Mr. Gaspard at the Folk Polk VA Clinic (Lake Charles Division);
(6) Dr. Swain currently treats Mr. Gaspard at the Fort Polk VA Clinic (Lake Charles Division);
(7) Dr. Hayes is a treating psychiatrist in Lake Charles, Louisiana (Lake Charles Division;
(8) Dr. Taylor, Dr. Pan, Dr Rai, Dr. Norris, Dr. Gimeniz and Dr. Giridharan participated in the Mr. Gaspard's surgery in Houston, Texas;[4]
(9) Mr. Gaspard continues to be treated with follow-up care at the VA Hospital in Houston, Texas.

Mr. Gaspard remarks that only Dr. Richey and Dr. Pillarisetti will benefit from a transfer to the Alexandria Division, noting that Dr. Pillarisetti is an employee of the United States, a party that has not objected to the Lake Charles Division venue. Thus, Mr. Gaspard argues that Dr. Richey and AUA have failed to establish that the Alexandria Division is "clearly more convenient" to the parties and the witnesses than the Lake Charles Division.

Dr. Richey and AUA complain that Mr. Gaspard has failed to consider the complete analysis for venue transfer under Fifth Circuit precedent. Dr. Richey and AUA rely on *In re Volkswagen of America, Inc.*, *supra*, wherein the Fifth Circuit considered the propriety of a transfer from the Marshall Division of the Eastern District of Texas to the Dallas

---

[3] Pitkin is in Allen Parish—a Parish in the Lake Charles Division.
[4] Houston is 144 miles from Lake Charles, whereas it is 241 miles from Alexandria.

4

Division of the Northern District of Texas.[5] The Fifth Circuit held that a w*rit of mandamus* was appropriate to transfer the case because the Marshall Division had no connection to the parties, the witnesses, or the facts of the case. The automobile accident that was the subject of the lawsuit occurred in Dallas, Texas; none of the the plaintiffs lived in the Marshall Division; the witnesses lived in Dallas; no known party or non-party witnesses lived in Marshall Division; there was no known source of proof in the Marshall Divisions; and none of the facts giving rise to the suit occurred in the Marshall Division.

Dr. Richey and AUA also relies on *In re Redmax, Ltd.*, 720 F.3d 285, 288-289 (5th Cir. 2013), wherein the Fifth Circuit granted a *writ of mandamus* and transferred the case finding that the transferee forum was clearly a more convenient forum and holding that the case had no connection to the transferor forum.

The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another. See generally 17 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE § 111.61, at 111-204 TO 111-204 & nn. 9-11 (3d Ed.2013) citing *Weber v. Conley,* 642 F.2d 91, 93 (5th Cir. Unit A, March 1981) (per curiam)). A motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," taking into consideration (1) "the relative ease of access of sources of proof:' (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy,

---

[5] The Court notes that in the instant matter, we are considering an intradistrict transfer as opposed to an interdistrict transfer that was the basis of the venue transfer in *Volkswagen*.

expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947).[6]

Dr. Richey and AUA argue that they would be greatly inconvenienced by having to travel to Lake Charles, a slightly less than 100 mile trip. They also note that Vernon Parish is approximately equidistant between the two divisions. Dr. Richey and AUA complain that Mr. Gaspard has failed to assert any malpractice arising out of his treatment at the Jennings VA Clinic or at the VA Hospital in Houston.

The Court agrees that the relative ease of access of sources of proof would be more difficult, but only as to Dr. Richey and AUA, considering that they and their attorneys are from the Alexandria Division. However, Plaintiff, who is from Pitkin (Lake Charles Division) and his attorneys[7] are located in Lake Charles. Counsel for the United States is located in Lafayette, Louisiana.

Even though Dr. Richey and AUA submit that the majority of Mr. Gaspard's treating physicians who are located in Jennings and Houston are not alleged to have committed malpractice, the Court can only surmise that because Mr. Gaspard is naming them as witnesses, they may testify at trial as to either the malpractice claim and/or

---

[6] The *Gilbert* factors.
[7] David Hanchey and Todd Townsley.

damages claim. So, in this case, we cannot conclude that there are no witnesses that are in the Lake Charles Division.

Because the two Alexandria Division witnesses who are also defendants, are less than 100 miles away, there is no issue regarding the compulsory process. Regarding the cost of attendant of willing witnesses, there are more witnesses that will be from the Lake Charles Division than from the Alexandria Division. The Court cannot identify any practical problems that hinder this case, nor are there any issues with administrative difficulties flowing from court congestion.

With regard to the local interest in having localized interest decided at home, we find this factor is neutral. The Court considers Mr. Gaspard's allegations of medical malpractice as significant as Dr. Richey and AUA's defense of those allegations. The Court finds that the factors regarding the familiarity of the forum with the laws, and the possibility of conflicts of law are not relevant in this case.

## **CONCLUSION**

The Court finds that Dr. Richey and AUA have failed to persuade us that it is "clearly more convenient" as required to transfer venue to the Alexandria Division. Accordingly, it is

**ORDERED** that the motion to transfer venue is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 14th day of February, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**